UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

Plaintiff,

v.

ISRAEL ALVAREZ-SUAREZ,

Defendant.

Case No. 3:17-cr-00070-LRH-WGC

ORDER

Defendant Israel Alvarez-Suarez moves to dismiss the indictment in this matter. ECF No. 23. The government opposes the motion and requests Alvarez-Suarez be committed under 18 U.S.C. § 4241(d) for hospitalization purposes. ECF No. 26. Alvarez-Suarez opposes the government's request in his reply. ECF No. 27. Based on an earlier finding that Alvarez-Suarez is incompetent to stand trial, the court now denies the motion to dismiss the indictment and orders Alvarez-Suarez committed to the custody of the Attorney General as required by 18 U.S.C. § 4241(d).

**I.  BACKGROUND**

Alvarez-Suarez was indicted on the charge of being a deported alien found unlawfully in the United States in violation of 8 U.S.C. § 1326(a). ECF No. 1. At his initial appearance, Alvarez-Suarez's counsel voiced concern regarding Alvarez-Suarez's competency to stand trial. ECF No. 5. The court then held a status conference regarding Alvarez-Suarez's competency in September 2017. ECF No. 18. Based on the discussions at the status conference, the court ordered the transportation of Alvarez-Suarez to a suitable facility in order to determine whether

he suffered from a mental disease or defect rendering him mentally incompetent to stand trial. ECF No. 19. Alvarez-Suarez was subsequently transported to Metropolitan Correctional Center in San Diego, California and was then evaluated by Alicia Gilbert, Ph.D., a forensic psychologist. ECF No. 24. Dr. Gilbert opined that Alvarez-Suarez's "present ability to understand the nature and consequences of the court proceedings brought against him is substantially impaired by symptoms associated with Schizophrenia." *Id.* at 14.

This was not the first time Alvarez-Suarez underwent a psychological evaluation in relation to criminal charges. Five other matters against Alvarez-Suarez were dismissed—upon the government's motions—due to competency issues. ECF No. 23; ECF No. 23, Exs. A, C, D, E; ECF No. 26 at 3; ECF No. 27 at 3. Dr. Gilbert also documented the history of Alvarez-Suarez's competency evaluations in her report. ECF No. 24. She stated that Alvarez-Suarez has now undergone eight court-ordered evaluations since 2001 and has "over five hundred contacts with the Psychology Services staff across several [Federal Bureau of Prisons] facilities." *Id.* at 5. She also reviewed six forensic reports about psychological evaluations of Alvarez-Suarez from 2001 to 2016. *Id.* at 6–7. The reports summarize Alvarez-Suarez's diagnoses of schizophrenia. *Id.* The reports also summarize a history of Alvarez-Suarez being found incompetent to stand trial and a history of opinions that he lacked a substantial probability of regaining competency in the foreseeable future. *Id.* Alvarez-Suarez's mental-health history and prior evaluations contributed to Dr. Gilbert's opinion that "attempts at restoration of [Alvarez-Suarez's] competency will be unsuccessful." *Id.* at 14.

After the completion of his psychological evaluation, Alvarez-Suarez filed the instant motion to dismiss the indictment. ECF No. 23. The court then held a second status conference regarding Alvarez-Suarez's competency in December 2017. ECF No. 25. At the hearing, counsel from the defense and from the government agreed that Alvarez-Suarez is not competent to stand trial. *Id.* Based on the parties' representations and the report authored by Dr. Gilbert, the court deemed Alvarez-Suarez incompetent. *Id.* The government then made an oral motion for hospitalization under 18 U.S.C. § 4241(d). *Id.* Alvarez-Suarez opposed the oral motion and argued for dismissal based on the previously filed motion to dismiss. *Id.* The court ordered the

1 | parties to complete the briefing on the motion to dismiss and to brief the oral motion regarding hospitalization, declining to rule until such briefing was completed. *Id.* The government then filed its opposition to the motion to dismiss and presented arguments regarding the request for hospitalization. ECF No. 26. Alvarez-Suarez filed a reply. ECF No. 27.

## II. DISCUSSION

The parties dispute whether hospitalization is necessary to determine if Alvarez-Suarez may be restored to a competent state in the foreseeable future. To advocate for dismissal, Alvarez-Suarez points to the five other matters resulting in dismissal based on competency concerns as well as Dr. Gilbert's opinion that restoration of competency is unlikely for Alvarez-Suarez in the foreseeable future. ECF Nos. 23, 27. The government contends that the court must commit Alvarez-Suarez under 18 U.S.C. § 4241(d) to determine if there is a substantial probability that Alvarez-Suarez's competency may be restored in the foreseeable future. ECF No. 26. While the court acknowledges that Alvarez-Suarez's mental-health history and Dr. Gilbert's opinions indicate that committing Alvarez-Suarez may be futile, the court agrees with the government.

18 U.S.C. § 4241(d) requires the court to commit a defendant to the Attorney General's custody for hospitalization purposes upon a finding of incompetence. 18 U.S.C. § 4241(d). The statute is not discretionary; the statute provides for "mandatory commitment of a defendant, who has been deemed incompetent, for study of the defendant's potential for restorability to competence." *United States v. LKAV*, 712 F.3d 436, 441 (9th Cir. 2013); *see also United States v. Strong*, 489 F.3d 1055, 1060–63 (9th Cir. 2007) (explaining "mandatory commitment" under 18 U.S.C. § 4241(d) is constitutional); *United States v. Anderson*, 679 F. App'x 711 (10th Cir. 2017) (holding 18 U.S.C. § 4241(d) is not discretionary but rather mandates commitment of a defendant previously deemed incompetent). A determination that a defendant is or is not restorable to mental competency "requires a more careful and accurate diagnosis than the brief interviews and review of medical records that tend to characterize the initial competency proceeding." *Strong*, 489 F.3d at 1062 (internal punctuation marks and citations omitted).

///

Alvarez-Suarez was deemed incompetent at the status conference on December 4, 2017. He concedes that the court is therefore bound by 18 U.S.C. § 4241(d) unless the government moves to dismiss this case. ECF No. 27 at 4. But the government has not moved to dismiss this case. 18 U.S.C. § 4241(d) requires a further commitment to allow medical professionals to make a "more careful and accurate diagnosis" than that which was needed to deem Alvarez-Suarez incompetent earlier in this matter. Significantly, this stage has yet to be undertaken in this case (nor in any of the other prior criminal proceedings against the defendant). It is not for the court to "second guess" the outcome of such a commitment, particularly where one is required under 18 U.S.C. § 4241(d). The motion to dismiss the indictment is therefore denied and the government's request for commitment is granted.

### III.    CONCLUSION

IT IS THEREFORE ORDERED that Israel Alvarez-Suarez's motion to dismiss the indictment (ECF No. 23) is **DENIED**.

IT IS FURTHER ORDERED that, in accordance with 18 U.S.C. § 4241(d)(1), Alvarez-Suarez is committed to the custody of the Attorney General who shall hospitalize the defendant for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future Alvarez-Suarez will attain the capacity to permit the proceedings to go forward.

IT IS FURTHER ORDERED that the Federal Bureau of Prisons provide its report to the court and to counsel upon the conclusion of the time necessary for the evaluation of Alvarez-Suarez.

IT IS SO ORDERED.

DATED this 4th day of January, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE